# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1809

———————

Michael Duane Marlin,

   Appellant,

  v.

Richie Marquez, Captain, FCI - Forrest
City; Greg Thompson, Assistant
Warden, FCI - Forrest City; L. Sanders,

   Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*   [UNPUBLISHED]
\*
\*
\*

———————

Submitted: February 20, 2007
Filed: March 6, 2007

———————

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

———————

PER CURIAM.

Federal inmate Michael Duane Marlin appeals the district court's[1] order dismissing his lawsuit brought under the Americans with Disabilities Act (ADA), and under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

We agree with the district court that the <u>Bivens</u> claims were not administratively exhausted. The Bureau of Prisons (BOP) has a multi-step process for inmates to use in bringing complaints about any aspect of their confinement: an informal resolution, an administrative remedy (with the warden), an appeal to the BOP's regional director, and finally an appeal to the BOP's central office. There are deadlines for each step. <u>See</u> 28 C.F.R. § 542.10 to .18. Marlin did not rebut the BOP attorney's declaration that an inmate must proceed through all the steps and be denied at each before he is deemed to have exhausted. Because he filed the instant complaint on June 27, 2005--just thirteen days after he was assigned to the job giving rise to the instant lawsuit--it would have been impossible for him to have completed all four steps of the administrative-remedy process before filing the instant complaint. Dismissal of the <u>Bivens</u> claims was thus mandatory. <u>See</u> <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003). We also find no basis for overturning the district court's dismissal on the merits of the ADA claims.

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B. We also deny Marlin's pending motions.

_____